

# FLEISCHMANN PLLC

150 Broadway, Suite 701
New York, New York 10038

JEFFREY FLEISCHMANN

Telephone: (646) 657-9623
Facsimile: (646) 351-0694

---

July 24, 2025

<u>Via ECF:</u>
Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street, Chambers 1930
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/28/25
```

    Re: *Delaware Trust Company v. 2084 Grand Ave Holdings LLC et al*
       Case No.: 25-cv-05379-VEC

Dear Judge Caproni,

I represent Defendants 2084 Grand Ave Holdings LLC, 2155 Grand Ave Holdings LLC, and Dovid Kleiner (collectively, "Defendants") in the above action. I write to request that the Court: (i) Order jurisdictional discovery or alternatively dismiss the action, (ii) vacate the Order appointing receiver, dated July 7, 2025 (the "Receiver Order") or in the alternative, stay or modify the Receiver Order.

### **The Court Should Order Jurisdictional Discovery And Dismiss The Action If The Parties are Not Diverse**

This case is before the Court based upon plaintiff's claims of diversity. ECF Docket No. 1, Complaint ¶ 19. According to the complaint, Plaintiff is a Trust, whose sole beneficiary is a Delaware Limited Liability Company, whose sole member is in turn a "company" organized under the laws of the Cayman Islands. ECF Docket No. 1, Complaint ¶¶ 2-5. Plaintiff does not specify what kind of Cayman entity is supposedly the sole member of the Delaware LLC, but given that it claims that the sole member is some kind of company, its citizenship would be determined by its members. "The citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). And even if it were a corporation, plaintiff is still not a "citizen or subject of a foreign state" within the meaning of 28 U.S.C. § 1332(a)(2) as plaintiff claims, because the U.S. State Department does not recognize the Cayman Islands as an independent state. *See Vedder Price Kaufman & Kammholz v. First Dynasty Mines, Ltd.*, 2001 US Dist LEXIS 16146, at *2-3 [SDNY Oct. 5, 2001 (collecting cases); *III Finance Ltd. v. Aegis Consumer Funding Group, Inc.*, 1999 WL 1080371, at *3 (S.D.N.Y. Nov. 30, 1999); *United States Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 1999 WL 307666, at *4 (S.D.N.Y. May 17, 1999).

1

Accordingly, jurisdictional discovery is appropriate. If plaintiff is unable to meet its burden of establishing jurisdiction, the action should be dismissed.

## Plaintiff Failed to Properly Serve Defendants with the Order to Show Cause and The Summons

Concurrently with the filing of the complaint, plaintiff moved via Order to Show Cause for the appointment of a receiver. ECF Docket No. 5. The Court signed the Order to Show Cause, and directed service of the papers by July 1, 2025. ECF Docket No. 11.

Plaintiff filed facially deficient affidavits of service claiming to have served the Defendants on July 1, 2025. See ECF Docket Nos. 13-18. All of the affidavits of service are identical, each claiming to have served the "Summons, Verified Complaint, Order To Show Cause, Notice Of Lis Pendency, Memorandum of Law, Affirmation of M. Michalovsky and Affirmation of Christopher O. Gorman" via "CONSPICUOUS PLACE SERVICE" at 1866 58th Street, Brooklyn, NY 11204 or at the property that is the subject of the foreclosure, without providing the identity of the person that was supposedly served, the time of service, or any identifying details.

There is no method of service known as "conspicuous place service" in New York. And to the extent plaintiff is alleging what is known as "nail and mail" service under C.P.L.R. § 308, service on the entities via nail and mail is facially improper. *See Tribul Merchant Servs., LLC v. Cypers,* 40 Misc 3d 1241[A], 1241A, 2013 NY Slip Op 51528[U], *4 [Sup Ct, Kings County 2013]) ("It is settled that service of process pursuant to CPLR 311 [a][1] requires that it be delivered personally to those individuals authorized by the statute; jurisdiction cannot be obtained by substituted service on the agent" (*citing Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp*., 479 N.Y.S.2d 256 [1984], *affd* 493 N.Y.S.2d 309 [1985]).

Even service on the individual defendant was facially improper given that the affidavits of service do not allege even a modicum of diligence or more than one attempt at service and do not allege that a copy was also mailed. See C.P.L.R. § 308 ("When service cannot be effectuated by traditional means with due diligence—for example by delivering the summons to the person to be served or by substitute service—service may be completed "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to . . . [their] last known residence or by mailing the summons by first class mail to . . . [their] actual place of business."); *H Roller Group, LLC v. C & S Global, Inc*., 2021 US Dist LEXIS 123932, at *19 [EDNY July 1, 2021] (noting that process server must make approximately three attempts at service during various times of day and on non-consecutive days, including at least once outside of regular business hours).

Notably, these affidavits of service do not state that the person who supposedly served defendants was a licensed process server. In fact, it was signed by an individual named Aliaksei Tarasiuk, who appears to be an employee of plaintiff's counsel (given that he had an email address with a domain name and physical address identical to that of plaintiff's counsel.)

2

Perhaps this is because no licensed process server would sign an affidavit of service which is facially improper under New York law.

Finally, we note that although the affidavits of service each claim to have served the summons, this is factually impossible given that the clerk has yet to issue a summons after rejecting plaintiff's proposed summons for failure to comply with FRCP Rule 4(a)(1) and (A) and FRCP Rule 4(a)(1)(B). See ECF Docket Nos. 3 and 10. Thus, plaintiff never served the Order to Show Cause or the Summons and has no jurisdiction over any defendant[1]. Accordingly, the Court should dismiss this action.

### The Court Should Vacate The Receiver Order and Dismiss The Action Since There Is No Jurisdiction

Given that there is no personal jurisdiction over any defendant, and questionable subject matter jurisdiction, the Court should vacate the Receiver Order. A court must have jurisdiction over a case before "issu[ing] any form of equitable relief in the case, including for the appointment of a receiver." *Baliga v. Link Motion Inc.*, 2022 U.S. Dist. LEXIS 43104, 2022 WL 2531535, at *9 (S.D.N.Y Mar. 9, 2022). As the Court noted in *Weitzman v. Stein*, 897 F2d 653, 658-659 [2d Cir 1990]:

> the injunction was improperly entered because it was not clearly established that the court had jurisdiction over Beverly. *See Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 59 (2d Cir. 1981). " The district court has no power to grant an … injunction against a party over whom it has not acquired valid jurisdiction." 7-Pt. 2 Moore's Federal Practice para. 65.03[3], at 65-28 (2d ed. 1989) (footnotes omitted); see id. para. 65.04[3], at 65-81 ("a court cannot enter an interlocutory or final injunction against a party unless it has jurisdiction over that party, and mere notice will not be sufficient to obtain jurisdiction over a defendant" (footnote omitted)); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2956, at 555 (1973) ("court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction"). Further, "[a] prima facie showing of jurisdiction will not suffice . . . . where a plaintiff seeks preliminary injunctive relief.

Because the plaintiff has failed to meet its burden of establishing either diversity or personal jurisdiction, the Receiver Order should be vacated and this action dismissed.

### To The Extent The Court Does Not Vacate The Receiver Order, It Should Allow Defendants To Oppose it On the Merits

---

[1] In a taciturn admission that its service was improper, plaintiff filed new affidavits of service claiming to have served the entities with the summons and supporting papers via secretary of state on July 3, 2025—two days after the deadline set by the Court. ECF Docket Nos. 19 and 20. However, as noted, this service was not timely and no valid summons has been issued to date. Accordingly, the Court does not have personal jurisdiction over any defendant.

In the event that the Court does not outright vacate the Receiver Order and dismiss this action, it should stay the Receiver Order and allow defendants to oppose it on the merits. "[T]he appointment of a receiver is considered to be an extraordinary remedy" and that "the remedy should be employed cautiously." *Citibank N.A. v. Nyland* Ltd., 839 F.2d 93, 97 (2d Cir. 1988). "The appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." *Bristol Oaks, L.P. v. Werczberger*, 1996 WL 19207 (E.D.N.Y., Jan. 2, 1999); *see also* Fed. Rule Civ. P. 66; *Varsames v. Palazzolo*, 96 F. Supp. 2d 361 (S.D.N.Y. 2000) ("Whether a federal court should appoint a receiver in a diversity action is governed by federal law"); *FDIC v. Kisosoh Realty Corp.*, 1992 U.S. Dist. LEXIS 10966 (S.D.N.Y., July 16, 1992). Federal law in this instance places a greater burden on the moving party when seeking the appointment of a receiver than does state law.

Given that plaintiff failed to follow the Court's instructions for service, the Court did not have the benefit of advocacy from both parties and issued the Receiver Order on default. *See, e.g., Tex. 1845 LLC v. Wu Air Corp.*, 2012 U.S. Dist. LEXIS 14979, 2012 WL 382828. at *8 (E.D.N.Y. Feb. 6, 2012) (denying a motion to appoint a receiver because the Court was "without . . . information it considers relevant to its analysis"); *U.S. v. Ianniello*, 1986 WL 4685, at * 6 (S.D.N.Y. Apr. 16, 1986) (denying a motion for appointment of a receiver on the existing record without prejudice to renewal as the record became more fully developed).

We note that aside from the merits of the motion, there are numerous issues with the content of the Receiver Order. First, the bond suggested by plaintiff—$5,000—is grossly inadequate. Accordingly, to plaintiff, the subject properties are generating $151,738 per month. ECF Docket No. 8. Assuming that this action lasts for one year, that would mean that the receiver would be collecting the sum of $1,820,856. A mere $5,000 is not nearly sufficient.

Second, rather than use a standard order typically used for foreclosures[2], Plaintiff submitted a proposed order that is disproportionate and does not seem to be supported by the loan documents. For example, the Receivership Order states that the Receiver is to take control of: "(c) All checking, savings, depository, payroll, vendor, petty cash or other accounts relating to the Property except for the ones directly held or actually controlled by Plaintiff, together with all funds contained therein (collectively, the "Project Accounts"), to the extent that the foregoing is in the possession or control of Borrower Defendants." This is effectively an Order of attachment without plaintiff posting a bond, and importantly, does not limit the turnover of accounts to funds received after the Receivership Order, or even a default.

Likewise the Receivership Order provides that the funds held by receiver be paid to the plaintiff upon the sale of the Loan—effectively allowing plaintiff to reap a windfall merely by selling the Loan and without effecting a foreclosure or even having any rights under the loan documents. It further requires that defendants deliver an "accounting"—even though plaintiffs have not sued for an accounting.

Accordingly, in the event that the Court does not dismiss this action or vacate the Receiver Order outright, it should stay the Receiver Order to allow defendants to oppose it on the merits.

---

[2] *See e.g.* https://www.nycourts.gov/legacypdfs/courts/2jd/kings/civil/foreclosures/ForeclosureForm-Appoint_Receiver.pdf

Respectfully Submitted,

_____
Jeffrey Fleischmann

Application DENIED without prejudice.  If Defendants want to move to vacate the receiver order, they must make a proper noticed motion for that relief.

SO ORDERED.

7/28/25

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

5