USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/9/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELAWARE TRUST COMPANY, as Trustee for the PT
ATL SPV GRANTOR TRUST,

                         Plaintiff,

         - against -

2084 GRAND AVE HOLDINGS LLC; 2155 GRAND AVE
HOLDINGS LLC; DOVID KLEINER and CITY OF NEW
YORK ENVIRONMENTAL CONTROL BOARD,

                      Defendants.

25-CV-05379 (VEC)

FINAL JUDGMENT OF
FORECLOSURE AND SALE

Upon the Summons and Verified Complaint, having been duly filed with the Clerk of the

United States District Court for the Southern District of New York on or about June 27, 2025, and

Notice of Pendency of action containing all of the particulars required to be stated therein and all

of the proceedings therein, having been duly filed in the Bronx County Clerk's Office on or about

June 30, 2025, and March 2, 2026, and the affidavits of service showing that the defendants that

defaulted were properly served with the Summons and Verified Complaint; upon the Stipulation

of Settlement and Consent to Entry of Judgment of Foreclosure and Sale, dated as of March 18,

2026, in which all appearing defendants waive the appointment of a referee to compute the

amounts due and owing under the loan documents, waive the filing of a referee's report in

connection therewith, and consent to the entry of this Judgment of Foreclosure and Sale in

accordance with the Stipulation of Settlement and Consent to Entry of Judgment of Foreclosure

and Sale (the "Stipulation"); and from all of which it appears that this action was brought to

foreclose upon the mortgage affecting the real properties known as and by (i) 2084 Grand Avenue,

Bronx, New York 10453, with the following tax map designation on the Tax Map of Bronx

County: Block: 3194; Lot: 1 (the "2084 Property"); and (ii) 2155 Grand Avenue, Bronx, New York

10453 with the following tax map designation on the Tax Map of Bronx County: Block: 3207; Lot: 23 (the "2155 Property" and when referred to with the 2084 Property, together, the "Mortgaged Properties"), and upon all of the other proceedings had heretofore herein; it appearing that none of the defendants herein is an infant, incompetent, or absentee, and that the Notice of Pendency filed in this action on or about June 30, 2025, and March 2, 2026, contains truly and correctly all of the particulars required by law to be stated in such notice, and has not been amended to add new parties or to embrace real property not described in the original Verified Complaint.

NOW, on application of Rosenberg & Estis, P.C., attorneys for Plaintiff, made upon notice to all parties who have not waived same, it is

ORDERED, that Plaintiff's application be and the same hereby is granted in its entirety; and it is further

ORDERED, ADJUDGED, AND DECREED, that Plaintiff is entitled to have judgment herein against defendants 2084 GRAND AVE HOLDINGS LLC and 2155 GRAND AVE HOLDINGS LLC for the aggregate sum of $15,543,193.72 as of March 17, 2026, as more fully set forth in the Stipulation, dated March 18, 2026, together with *per diem* interest in the amount of $7,647.76 thereon from March 17, 2026, through the date of this judgment, together with interest at the rate set forth in the subject note on the judgment amount from the date of entry of same and continuing thereafter; and it is further

ORDERED, ADJUDGED AND DECREED, that the Mortgaged Properties described in the Verified Complaint in this action and as hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("RPAPL"), be sold in individual parcels at public auction on Worth Street in front of the Daniel Patrick Moynihan United

States Courthouse located at 500 Pearl Street, New York, New York, by and under the direction of Paul R. Sklar (Fid. No. 107266), who is hereby appointed Referee ("Referee") for that purpose in the following manner: first, the 2084 Property shall be put up individually for bid.  At the conclusion of bidding on the 2084 Property, if the highest bid exceeds or satisfies the amount of the outstanding indebtedness, there shall be no further sale of the remaining Mortgaged Properties and the auction shall close. If the highest bid on the 2084 Property does not exceed or satisfy the amount of the outstanding indebtedness, then the auction shall proceed and the 2155 Property shall be put up individually for bid; and it is further

ORDERED, ADJUDGED AND DECREED that the parties must inform the Court of the date of the sale as soon as practicable and well before the time fixed by RPAPL § 1351(1), which requires that the Referee conduct the sale within 90 days of the date of the judgment; and it is further

ORDERED, ADJUDGED AND DECREED that the said Referee give public notice of the time and place of such sale (and a description of the Mortgaged Properties) in accordance with RPAPL § 231 in the New York Law Journal; and it is further        ORDERED, ADJUDGED AND DECREED, that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent (10%) of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the

Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five (45) days after such sale, time being of the essence with respect thereto, unless otherwise stipulated by all parties and, in the event that the closing of title does not so proceed, the deposit shall, without further order of this Court, be deemed forfeited to Plaintiff and the Referee shall be authorized to re-auction the subject premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee on receiving the proceeds of such sale forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments or water rates that are or may become liens on the premises at the time of sale with such interest or penalties that may have lawfully accrued thereon to the date of payment; that the Referee then deposit the balance of the proceeds of sale in an account agreed to by the parties (the "Depository"); and shall thereafter make the following payments, and his checks drawn for that purpose shall be paid by the Depository:

FIRST: The statutory fees of the Referee, not to exceed $500.00.

SECOND: The expense of the sale and the advertising expenses as shown in the bills presented, and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: The sum of taxed costs and disbursements in this action, with interest thereon from the date hereof, and also the sum of $15,543,193.72, the amount due under the note and mortgage due and owing to Plaintiff as of March 17, 2026, together with per diem interest in the amount of $7,647.76 from March 17, 2026, through the date of this judgment, or so much thereof

as the purchase money of the Mortgaged Properties will pay of the same, together with any advances which Plaintiff has made for taxes, insurance principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale by delivery of the referee's deed, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage as above provided.

FOURTH: If the Referee intends to apply for a further allowance for his fees, he may leave upon deposit such amount as will cover that additional allowance to await the further order of the Court thereon after application duly made.

That in case Plaintiff be the purchaser of the Mortgaged Properties at that sale, or in the event that the rights of the purchaser at that sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or its nominee, and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff or its nominee to pay in cash the entire amount bid at the sale, but shall execute and deliver to Plaintiff or its nominee a deed or deeds of the premises sold upon the payment to the Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments and water rates, and interest or penalties thereon or in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by Plaintiff for Referee's fees, advertising expenses, and taxes, assessments, and water rates, shall be allowed to Plaintiff or its nominee and applied by the Referee upon the amounts due to Plaintiff as specified above in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above those amounts due to Plaintiff, Plaintiff or its nominee shall

pay to the Referee, upon delivery to him/her of the Referee's deed, the amount of such surplus; that the Referee on receiving those several amounts from Plaintiff shall forthwith pay therefrom the taxes, assessments, water rates, and interest or penalties thereon unless the same have already been paid, and shall then pay the surplus into the Court.

FIFTH: The Referee shall take the receipts of Plaintiff or its attorneys for the amounts paid as hereinbefore directed and file it with his or her report of sale; that the Referee shall pay into this Court the surplus monies, if any, within five (5) days after the same shall be received and be ascertainable to the credit of this action, to be withdrawn only on the order of this Court; that the Referee shall make a report of such sale under oath and file it with the Clerk of the United States District Court for the Southern District of New York, with all convenient speed; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at the sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action and amendments thereto, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in the Mortgaged Properties and each and every part thereof; and it is further

ORDERED, ADJUDGED, AND DECREED, that each of the Mortgaged Properties be sold in one parcel in "as is" physical order and condition, subject to the following: any state of facts that an inspection of the Mortgaged Properties would disclose; any state of facts that an accurate survey of the Mortgaged Properties would show; sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale; any

covenants, reservations, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged Properties is located and possible violations of same; all rights of tenants or persons in possession of the Mortgaged Properties other than tenants, if any, named as defendants in this action; prior mortgage lien(s) of record, if any; any equity of redemption of the United States of America to redeem the Mortgaged Properties or any part thereof within one-hundred twenty (120) days from the date of sale; and it is further

ORDERED, ADJUDGED, AND DECREED that, except if there is a breach of the terms of Paragraph 7 of the Stipulation by Dovid Kleiner, 2084 Grand Ave Holdings LLC or 2155 Grand Ave Holdings LLC, Plaintiff may not recover in the above-captioned action any personal or deficiency judgment against DOVID KLEINER, 2084 GRAND AVE HOLDINGS LLC, 2155 GRAND AVE HOLDINGS LLC, or any directors, employees, agents, heirs, executors, trustees, administrators, representatives, employees, attorneys, insurers, successors and assigns, of DOVID KLEINER, 2084 GRAND AVE HOLDINGS LLC or 2155 GRAND AVE HOLDINGS LLC; and it is further

ORDERED, ADJUDGED, AND DECREED that by accepting this appointment the referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to section 36.2(c) ("Disqualifications from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED, ADJUDGED, AND DECREED that, pursuant to N.Y. C.P.L.R. 8003(b), absent application to the court and further court order, the Referee shall not demand, accept or receive more than the amount of $500.00, otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

ORDERED, ADJUDGED, AND DECREED, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants named in this action and any other party entitled to notice, within twenty days of entry and no less than thirty days prior to sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser and/or purchasers at the foreclosure sale shall pay any: (i) Town, Village, City, Hamlet transfer taxes, New York State transfer taxes and any other tax imposed upon and/or arising from the transfer of title; and (ii) any other charges occurring as a result of the transfer of title, including but not limited to deed stamps, recording fees, title continuation charges and title insurance costs shall be borne by the purchaser and/or purchasers.

Said Mortgaged Properties located in the County of Bronx, State of New York, known as and by (i) 2084 Grand Avenue, Bronx, New York 10453, with the following tax map designation on the Tax Map of Bronx County: Block: 3194; Lot: 1; and (ii) 2155 Grand Avenue, Bronx, New York 10453 with the following tax map designation on the Tax Map of Bronx County: Block: 3207; Lot: 23. A description of said Mortgaged Properties is annexed hereto and made a part hereof as Schedule A.

Dated: April 9, 2026
      New York, New York

E N T E R:

_____
**VALERIE CAPRONI**
**U.S. DISTRICT JUDGE**

# SCHEDULE A



**Stewart Title Insurance Company**

Title Number: **CAB-STW-19612**
Page 1

## SCHEDULE A DESCRIPTION

Parcel I (Block 3194 Lot 1)
ALL that certain plot piece or parcel of land, situate, lying and being in the Borough of Bronx, County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the Northeasterly side of West 180th Street and the Southeasterly side of Grand Avenue;

RUNNING THENCE Easterly along West 180th Street, 90 feet to a point;

THENCE Northerly and parallel with Grand Avenue, 100 feet to a point;

THENCE Westerly and parallel with West 180th Street, 90 feet to the Southeasterly side of Grand Avenue;

THENCE Southerly along the said side of Grand Avenue, 100 feet to the point or place of BEGINNING.


FOR INFORMATION ONLY:
PREMISES known as 2084 Grand Avenue, Bronx, New York


Parcel II (Block 3207 Lot 23)
ALL that certain plot piece or parcel of land, situate, lying and being in the Borough of Bronx, County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the Northwesterly side of Grand Avenue and the Northeasterly side of West 181st Street;

RUNNING THENCE Northerly at right angles to West 181st Street, 100 feet to a point;

THENCE Westerly and parallel with West 181st Street, 100 feet to a point;

THENCE Southerly and parallel with Grand Avenue, 100 feet to the Northeasterly side of West 181st Street;

THENCE Easterly along West 181st Street, 100 feet to the point or place of BEGINNING.


Premises Address:    2084 Grand Avenue, Bronx, New York (Parcel 1)
2155 Grand Avenue a/k/a 47-59 West 181st Street, Bronx, New York (Parcel 2)

|          | Parcel 1 | Parcel 2 |
|----------|----------|----------|
| Section: | 11       | 11       |
| Block:   | 3194     | 3207     |
| Lot:     | 1        | 23       |